BEEKMAN & CHIKHANI, LLP
Cate Beekman (SBN 245605)
711 Jefferson Street, Suite 101
Fairfield, California 94533
Tel: (510) 326-5963
Fax: (707) 561-6646
catebeekman@gmail.com

Attorneys for Plaintiff Shannon Singletary

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON SINGLETARY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FAIRFIELD, a public entity; Fairfield Police Officer CHRISTOPHER TURNER; Fairfield Police Officer LAUREN GOMEZ; Fairfield Police Officer JOE HERNANDEZ; Fairfield Police Officer AHMED KHALFAN; Fairfield Police Lieutenant KELLY ROMBACH; Fairfield Police Sergeant MICHAEL ARIMBOANGA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. **42 U.S.C. § 1983 – Fourth Amendment**<br>2. **42 U.S.C. § 1983 – First Amendment**<br>3. **42 U.S.C. § 1983 (*Monell* & Supervisor Liability)**<br>4. **Battery**<br>5. **Bane Act (Cal. Civil Code, § 52.1)**<br>6. **False Arrest / Imprisonment**<br>7. **Negligence** |

## INTRODUCTION

1. On February 28, 2024, Plaintiff Shannon Singletary, a then-50-year-old Navy Veteran, was walking down the street in Fairfield, California. At the same time, Defendant Christopher Turner, a Fairfield Police Officer, was issuing a citation to another pedestrian. Politely and from a safe distance, Plaintiff

1

Shannon Singletary v. City of Fairfield, et al.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

exercised his First Amendment rights by telling Defendant Turner that his patrol vehicle was impeding traffic. Defendant Turner dismissed him, and Plaintiff continued on his way. Soon after, Plaintiff crossed the street safely, first looking both ways and waiting for cars to pass. Upon seeing Plaintiff cross the street outside of a crosswalk, Defendant Turner directed Defendant Gomez to detain Plaintiff. Plaintiff stopped when he was told to stop, and, again in exercise of his First Amendment rights, questioned the basis for the detention.

2.      Plaintiff was never given a reason for the detention but instead was subjected to the excessive use of force by four defendant officers. Although Plaintiff never posed any threat to any officer, defendants forced him to the concrete sidewalk and, while he lay on the ground, they kicked him, punched him, kneed him, and tased him, causing injury. Plaintiff was arrested and taken to the hospital and then booked into the jail. He was not released from custody until two days later, on March 1, 2024. Criminal charges were filed and soon dismissed.

## PARTIES

3.      Plaintiff Shannon Singletary is an adult over the age of eighteen, and at all relevant times was a resident of California.

4.      Defendant City of Fairfield ("City") is a political subdivision of the State of California, which operates, oversees, and manages the Fairfield Police Department ("FPD").

5.      Defendant Christopher Turner is, and at all relevant times was, a police officer with FPD. In doing the things herein alleged, Defendant Turner was acting under color of state law and in the course and scope of his employment with Defendant City. Defendant Turner is sued in his individual capacity.

6.      Defendant Lauren Gomez is, and at all relevant times was, a police officer with FPD. In doing the things herein alleged, Defendant Gomez was acting

2

under color of state law and in the course and scope of her employment with Defendant City. Defendant Gomez is sued in her individual capacity.

7.     Defendant Joe Hernandez is, and at all relevant times was, a police officer with FPD. In doing the things herein alleged, Defendant Hernandez was acting under color of state law and in the course and scope of his employment with Defendant City. Defendant Hernandez is sued in his individual capacity.

8.     Defendant Ahmed Khalfan is, and at all relevant times was, a police officer with FPD. In doing the things herein alleged, Defendant Khalfan was acting under color of state law and in the course and scope of his employment with Defendant City. Defendant Khalfan is sued in his individual capacity.

9.     Defendant Michael Arimboanga is, and at all relevant times was, a Sergeant with FPD. In doing the things herein alleged, Defendant Arimboanga was acting under color of state law and in the course and scope of his employment with Defendant City. Defendant Arimboanga is sued in his individual capacity.

10.     Defendant Kelly Rombach is, and at all relevant times was, a Lieutenant with FPD. In doing the things herein alleged, Defendant Rombach was acting under color of state law and in the course and scope of his employment with Defendant City. Defendant Rombach is sued in his individual capacity.

11.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1-10, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities if and when they are identified. Plaintiff is informed and believes, and thereon alleges, that said Defendants, and each of them, are responsible in some manner for Plaintiff's damages as herein alleged. Each reference in this complaint to

Shannon Singletary v. City of Fairfield, et al.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

"defendant," "defendants," "Defendants," or a specifically named defendant also refers to all "Doe" defendants.

12.    Plaintiff is informed and believes, and thereon alleges, that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more Doe Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including the individually named and Doe Defendants.

13.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the Defendants, including all Doe Defendants, was the agent and/or employee of each of the other Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

14.    Plaintiff is informed and believes, and thereon alleges, that each Defendant was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each Defendant herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged. At all material times, each Defendant was an integral participant, jointly engaged in constitutionally violative, unlawful, and/or tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other actionable harm.

4

Shannon Singletary v. City of Fairfield, et al.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

15.    At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

## JURISDICTION AND VENUE

16.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343(a)(3)-(4) because it arises under the Constitution and laws of the United States, as it is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988.

17.    This Court is the proper venue pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims occurred in the City of Fairfield.

## GENERAL FACTUAL ALLEGATIONS

18.    On February 28, 2024, around 6:30 p.m., Plaintiff Shannon Singletary, then 50 years old, a U.S. Navy Veteran and law-abiding citizen, was walking along North Texas Street in Fairfield, California. At the same time Defendant Turner was issuing a ticket to another individual. Plaintiff noticed Defendant Turner's patrol vehicle was impeding traffic and had caused a vehicle traveling on North Texas Street to swerve to avoid a collision. Exercising his First Amendment rights, and at a safe distance of ten or more feet from Defendant Turner, Plaintiff politely told Defendant Turner his vehicle was impeding traffic. Plaintiff continued walking down North Texas Street, past Defendant Turner and the man he was ticketing, walked into the nearby smoke shop, then exited the smoke shop and safely crossed the street to continue his journey home. When Plaintiff crossed the street, there was no immediate danger of any collision.

19.    At this time, Defendant Gomez was traveling in her patrol vehicle along North Texas Street. Despite having no objective reason to believe Plaintiff

Shannon Singletary v. City of Fairfield, et al.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

had been or was about to be involved in any criminal activity[1], Defendant Turner directed Defendant Gomez to stop Plaintiff. Without giving any reason, Defendant Turner told Defendant Gomez, "Stop him." Defendant Gomez, acting solely on Defendant Turner's directive, turned on her vehicle's sirens and pulled beside Plaintiff, who was walking on the sidewalk. Defendant Gomez told Plaintiff to stop; he complied.

20.    Defendant Gomez ordered Plaintiff to sit on the ground. Plaintiff refused to sit on the ground, and, again exercising his First Amendment rights, asked what crime he was suspected of committing. Defendant Gomez said she had "no idea," and continued to order Plaintiff to "get on the ground!" Plaintiff continued standing and did not sit on the ground. He stood several feet from Defendant Gomez, and several times requested a supervisor. Plaintiff did not yell at Defendant Gomez, he did not physically aggress toward Defendant Gomez, and he did not attempt to walk away. He stood and waited calmly, with his hands visible in front of his body, asking for a supervisor. Defendant Gomez called for back up, stating Plaintiff was "uncooperative."

21.    Multiple officers responded. Defendant Khalfan arrived first, with Defendant Turner arriving seconds later. Defendant Khalfan approached Plaintiff, who was still standing calmly and quietly approximately eight to ten feet from Defendant Gomez, and told him to "have a seat." Plaintiff again asked for a supervisor. Defendant Khalfan told Plaintiff, "we'll sort that out. Put your hands behind your back." Plaintiff replied, "I didn't do anything."

---

[1] Defendant Turner later claimed the detention of Plaintiff was for "impeding traffic," in violation of Vehicle Code section 21954 and Fairfield Municipal Code section 11.6.1. Both of these sections permit detention or citation only were "a reasonably careful person would realize there is an immediate danger of a collision with a moving vehicle." See California Vehicle Code sections 21954(b)(1) and 29161(b)(1).

Shannon Singletary v. City of Fairfield, et al.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

22.    Defendants Khalfan and Turner approached Plaintiff and began forcibly pulling his arms behind his back. Defendant Gomez was standing behind Plaintiff, apparently attempting to assist in handcuffing him. Defendant Turner grabbed one of Plaintiff's legs, pulling it, while Defendant Gomez kicked at Plaintiff's other leg and Defendant Khalfan slammed Plaintiff down to the ground. Plaintiff fell to the ground, his head striking the concrete, causing injury. When Plaintiff was on the ground, Defendant Khalfan, with his body-worn camera positioned in the middle of his chest, dropped the full weight of his body onto Plaintiff two times.

23.    While Plaintiff was on the ground, Defendant Hernandez arrived on scene and sat on Plaintiff's legs. Defendants Khalfan and Turner continued grabbing at Plaintiff, trying to force his hands behind his back while he lay on the sidewalk on his back. Plaintiff struggled to defend himself from the officers' assault, continuing to proclaim he did nothing wrong. Defendants Turner and Khalfan used excessive force against Plaintiff while he lay on the ground. Defendant Turner kicked Plaintiff's torso, using his right booted foot, and punched Plaintiff with a closed fist on his back multiple times. Defendant Khalfan kneed Plaintiff multiple times in his chest, placing a large amount of weight on Plaintiff's body, then deployed his Taser at Plaintiff, connecting with Plaintiff's midsection. During this entire time, Plaintiff never posed a threat to the officers nor to any other person.

24.    Defendant Hernandez arrested Plaintiff on charges of battery on a peace officer causing injury (Cal. Pen. Code, § 243(c)(1)); resisting, obstructing, or delaying a peace officer (Cal. Pen. Code, § 148, subd. (a)(1)); and jaywalking. (Cal. Veh. Code, § 21954, subd. (a).) Plaintiff was taken to the hospital before being booked into the jail, where he remained for two days.

25. Defendant Arimboanga arrived on scene after Plaintiff was arrested and interviewed Defendants Turner, Gomez, and Khalfan about the incident and their use of force. Defendant Rombach also arrived on scene, and was briefed by Defendant Arimboanga. Defendant Rombach then responded to the hospital to conduct an "administrative interview" of Plaintiff. During that conversation Plaintiff asked Defendant Rombach why he was being arrested. Defendant Rombach explained, "Once law enforcement gets to the point where they're wrestling with somebody, putting our h – using force on somebody, we have no choice but to make an arrest."

26. Plaintiff suffered numerous injuries including but not limited to pain including ongoing back pain, bruising, scrapes and cuts, fear, humiliation, degradation, embarrassment, and anxiety.

27. This civil rights action seeks to vindicate Plaintiff's constitutional rights and hold the officers and their department accountable for their unconstitutional policing practices and the policies (or absence of policies) that resulted in these practices.

28. As a result of Defendants' actions, Plaintiff suffered a deprivation of his rights and liberties, experienced mental suffering, emotional distress, fear, embarrassment, and other general damages in an amount to be proven at trial.

29. As a result of Defendants' actions, Plaintiff suffered a loss of income, and other special damages in an amount to be proven at trial.

30. At no time during the encounter with Defendants did Plaintiff do or say anything that would put a reasonable officer in fear of his or her safety.

///

///

///

8

Shannon Singletary v. City of Fairfield, et al.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## FIRST CAUSE OF ACTION

### 42 U.S.C. Section 1983 – Fourth Amendment

### (Against Defendants Khalfan, Gomez, Turner, Hernandez, Arimboanga, Rombach, and Does 1-5)

31.   Plaintiff realleges paragraphs 1-30 of this Complaint and incorporates by reference the allegations of said paragraphs as though fully set forth herein.

32.   By the actions and omissions described above, the Defendants, acting under color of state law in their individual capacities, and as integral participants, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution. These deprivations include, but are not limited to:

    a. The right to be free from detention without reasonable suspicion;

    b. The right to be free from arrest without probable cause;

    c. The right to be free from the excessive use of force;

33.   Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their acts and/or omissions. Defendants' acts and/or omissions were the moving force behind, and proximately caused, injuries and damages to Plaintiff as set forth above.

34.   Defendants' conduct entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 in an amount sufficient to punish and deter such conduct. Plaintiff does not seek punitive damages against Defendant City.

///

///

///

Shannon Singletary v. City of Fairfield, et al.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## SECOND CAUSE OF ACTION

### 42 U.S.C. Section 1983 – First Amendment

### (Against Defendants Turner, Khalfan, Gomez, Hernandez, Arimboanga, Rombach, and Does 1-5)

35. Plaintiff realleges paragraphs 1-34 of this Complaint and incorporates by reference the allegations of those paragraphs as though fully set forth herein.

36. By the actions and omissions described above, Defendants Turner, Khalfan, Gomez, Arimboanga, Hernandez, Rombach, and Does 1-5, acting under color of state law in their individual capacities, and as integral participants, violated Plaintiff's rights under the First Amendment to the United States Constitution. In particular, Defendants retaliated against Plaintiff for his speech, including his verbal protests and criticisms of Defendants' actions, and arrested Plaintiff without probable cause.

37. Defendants subjected Plaintiff to their wrongful conduct, depriving him of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights of Plaintiff would be violated by their acts and/or omissions. Defendants' acts and/or omissions were the moving force behind, and proximately caused injuries and damages to Plaintiff as set forth above.

38. Defendants' conduct entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 in an amount sufficient to punish and deter such conduct. Plaintiff does not seek punitive damages against Defendant City.

///

///

///

10

Shannon Singletary v. City of Fairfield, et al.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# THIRD CAUSE OF ACTION

## 42 U.S.C. Section 1983 – *Monell* and Supervisor Liability

### (Against Defendants City, Arimboanga, Rombach, and Does 6-10)

39.   Plaintiff realleges paragraphs 1-38 of this Complaint and incorporates by reference the allegations of said paragraphs as though fully set forth herein.

40.   The unconstitutional actions and/or omissions of Defendants Turner, Gomez, Hernandez, Khalfan, Arimboanga, Rombach, and Does 1-5 were pursuant to the following customs, policies, practices, and/or procedures of Defendant City of Fairfield, and which were directed, encouraged, allowed and/or ratified by policymaking officials with the City of Fairfield and the FPD:

   a.   To carry out or tolerate unlawful detentions without reasonable suspicion;

   b.   To carry out or tolerate unlawful arrests without probable cause;

   c.   To carry out or tolerate detentions and arrests based on citizens' exercise of their First Amendment right to question, criticize, and verbally protest officers' actions;

   d.   To ignore and/or fail to properly investigate, supervise, discipline, and/or terminate deputies who have engaged in unlawful or unconstitutional law enforcement activity.

41.   Defendants City, Arimboanga, Rombach, and Does 6-10 failed to properly screen, hire, train, instruct, monitor, supervise, evaluate, investigate, discipline, and/or terminate Defendants Turner, Gomez, Hernandez, Khalfan, Arimboanga, Rombach, and Does 1-5 with deliberate indifference to Plaintiff's constitutional rights.

11

42. The unconstitutional actions of Defendants Turner, Gomez, Hernandez, Khalfan, Arimboanga, Rombach, and Does 1-5 were approved, tolerated, and/or ratified by policymaking officers for Defendant City and FPD.

43. The aforementioned customs, policies, practices, and procedures, and the failure to properly screen, hire, train, instruct, monitor, supervise, evaluate, investigate, discipline, and terminate, and the unconstitutional approval, ratification, and/or toleration of the wrongful conduct of Defendants Turner, Gomez, Hernandez, Khalfan, Arimboanga, Rombach, and Does 1-5 were a moving force and/or proximate cause of the deprivation of Plaintiff's clearly established constitutional rights.

44. As the supervisor on scene, at least after the initial detention, Defendants Arimboanga and Rombach had an obligation to ensure that their subordinates, including Defendants Turner, Gomez, Hernandez, Khalfan, and Does 1-5, refrained from violating Plaintiff's constitutional rights.

45. Because Defendants Arimboanga and Rombach were aware of the relevant facts surrounding the arrest and detention of Plaintiff, and because they knew that such actions were illegal and unconstitutional, Defendants Arimboanga and Rombach were obligated to immediately terminate those unconstitutional actions; by failing to do so, Defendants Arimboanga and Rombach are liable in their roles as supervisors.

46. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and damages as set forth above.

///

///

///

///

12

Shannon Singletary v. City of Fairfield, et al.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## FOURTH CAUSE OF ACTION

### Battery

### (Against Defendants KHALFAN, GOMEZ, HERNANDEZ, TURNER, and Does 1-5)

47. Plaintiff realleges paragraphs 1-46 of this Complaint and incorporates by reference the allegations of said paragraphs as though fully set forth herein.

48. On February 28, 2024, Defendants Khalfan, Gomez, Hernandez, and Turner willfully, intentionally, and unlawfully engaged in harmful and/or offensive contact with Plaintiff as alleged more fully above.

49. By engaging in the conduct alleged above, Defendants Khalfan, Gomez, Hernandez, and Turner intended to touch Plaintiff, using unreasonable force to detain or arrest Plaintiff.

50. As a direct and proximate result of the battery described above, Plaintiff was physically and psychologically harmed.

51. Plaintiff did not consent to any of the acts of Defendants Khalfan, Gomez, Hernandez, and Turner alleged above.

52. As a direct and proximate result of unreasonable use of force described above by Defendants Khalfan, Gomez, Hernandez, and Turner, Plaintiff suffered injuries to his head, back, shoulder, and midsection.

53. Defendant City is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to California Government Code section 815.2.

54. As a direct and proximate result of the conduct of Defendants Khalfan, Gomez, Hernandez, and Turner, Plaintiff suffered physical injury, humiliation, embarrassment, and both mental and emotional distress and anxiety that are substantial and enduring, all in an amount according to proof at trial.

13

55. The conduct of Defendants Khalfan, Gomez, Hernandez, and Turner was in conscious disregard of Plaintiff's civil rights, intentional, in reckless disregard of the probability of causing injury and emotional distress, willful, and malicious. Consequently, Plaintiff is entitled to exemplary damages in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**Violation of California Civil Code § 52.1**

**(Against Defendants CITY, KHALFAN, GOMEZ, HERNANDEZ, TURNER, and Does 1-5)**

56. Plaintiff realleges paragraphs 1-55 of this Complaint and incorporates by reference the allegations of said paragraphs as though fully set forth herein.

57. The conduct of Defendants Khalfan, Gomez, Hernandez, and Turner, as described herein, acting in the course and scope of their employment for Defendant City, violated California Civil Code Section 52.1 and Plaintiff's right to be free from unlawful detention and arrest and excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article I, section 13 of the California Constitution.

58. Any volitional, intentional violation of rights satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act. *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 801-02 (2017) (review denied). The use of excessive, unreasonable, and unjustifiable force described herein by Defendants Khalfan, Gomez, Hernandez, and Turner, that caused Plaintiff's injuries consists of volitional, intentional acts. The unlawful arrest and detention by Defendants Khalfan, Gomez, Hernandez, and Turner, similarly consist of volitional, intentional acts.

14

Shannon Singletary v. City of Fairfield, et al.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

59. Defendant City is vicariously liable, pursuant to California Civil Code section 815.2, for the violation of rights by its employees and agents.

60. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against Defendants Khalfan, Gomez, Hernandez, Turner, and City is entitled to relief as set forth above, including punitive damages against Defendants Khalfan, Gomez, Hernandez, and Turner, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys' fees, treble damages, and civil penalties.

## SIXTH CAUSE OF ACTION

### False Arrest and Imprisonment

**(Against Defendants KHALFAN, GOMEZ, HERNANDEZ, TURNER, ARIMBOANGA, ROMBACH, DOES 1-10, and CITY)**

61. Plaintiff realleges paragraphs 1-60 of this Complaint and incorporates by reference the allegations of said paragraphs as though fully set forth herein.

62. In doing the things herein alleged, Defendants intentionally arrested and/or detained Plaintiff without a warrant or other legal justification, and in doing so restrained Plaintiff, handcuffed him, placed him in a patrol car against his will, and caused Plaintiff to be incarcerated in the Solano County jail for two days, thereby depriving him of his freedom of movement.

63. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and damages as set forth above.

64. Defendant City is vicariously liable for the acts and omissions of its employees acting in the course and scope of said employment, pursuant to California Government Code Section 815.2.

15

Shannon Singletary v. City of Fairfield, et al.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

65.     The conduct of the individual Defendants was malicious and oppressive in that they intended to harm Plaintiff and deprive him of his rights or their actions were despicable and carried out with a willful and conscious disregard for Plaintiff's rights and safety, entitling Plaintiff to punitive damages pursuant to California Civil Code Section 3294. No punitive damages are being sought against Defendant City.

## SEVENTH CAUSE OF ACTION

### Negligence

**(Against Defendants KHALFAN, GOMEZ, HERNANDEZ, TURNER, ARIMBOANGA, ROMBACH, CITY and DOES 1-10)**

66.     Plaintiff realleges paragraphs 1-65 of this Complaint and incorporates by reference the allegations of said paragraphs as though fully set forth herein.

67.     At all times, Defendants Khalfan, Gomez, Hernandez, Turner, Arimboanga, Rombach, and Does owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

68.     At all times, Defendants Khalfan, Gomez, Hernandez, Turner, Arimboanga, Rombach, and Does owed Plaintiff the duty to act with reasonable care.

69.     These general duties of reasonable care and due care owed to Plaintiff by Defendants Khalfan, Gomez, Hernandez, Turner, Arimboanga, Rombach, and Does include but are not limited to the specific obligations to refrain from using excessive and/or unreasonable force against Plaintiff; to refrain from detaining Plaintiff without reasonable suspicion; to refrain from arresting Plaintiff absent probable cause; and to refrain from violating Plaintiff's rights guarantee by the

16

Shannon Singletary v. City of Fairfield, et al.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

United States and California Constitutions, as set forth above, and as otherwise protected by law.

70.    Defendants Khalfan, Gomez, Hernandez, Turner, Arimboanga, Rombach, and Does, through their conduct, violated each of these duties they owed to Plaintiff.

71.    Defendant City is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to California Government Code section 815.2.

72.    As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages and against each defendant is entitled to relief as set forth above at paragraphs 29-31, including punitive damages against Defendants Khalfan, Gomez, Hernandez, Turner, Arimbogana, Rombach, and Does, in their individual capacity.

## PRAYER

Plaintiff prays for damages as follows:

a.  For compensatory damages in an amount according to proof;

b.  For punitive damages against Defendants Turner, Gomez, Khalfan, Hernandez, Arimboanga, Rombach, and Does 1-10 in an amount sufficient to punish their conduct and deter similar conduct in the future, pursuant to 42 U.S.C. Section 1983;

c.  For attorneys' fees pursuant to 42 U.S.C. Section 1988, and any other applicable authority;

d.  For costs of suit;

e.  For such other and further relief as the Court deems just and proper.

17

Shannon Singletary v. City of Fairfield, et al.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.


Dated:  February 24, 2026                    BEEKMAN & CHIKHANI, LLP


_____
By: Cate Beekman
Attorneys for Plaintiff

18

Shannon Singletary v. City of Fairfield, et al.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL